# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. ENTLER and KAREN GIPSON as Executor of the Estate of THOMAS E. GIPSON, Deceased,<br><br>Defendants. | Case No. 11-CV-02066 |

## OPINION

This case is before the Court for ruling on the Motion for Entry of Default Judgment (#20) filed by Plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"). Defendants Christopher D. Entler ("Christopher") and Karen Gipson ("Gipson") as Executor of the Estate of Thomas E. Gipson, deceased, have not filed a response to the Motion for Entry of Default Judgment (#20). This Court has carefully considered Plaintiff's arguments and exhibits. Following this careful and thorough review, Plaintiff's Motion for Entry of Default Judgment (#20) is GRANTED.

## FACTS[1]

State Auto issued insurance policy numbered PBP256149600 to Entler Excavating, Inc. ("Entler Excavating") as the named insured. This policy provided for Businessowners Liability

---

[1]This statement of facts is based upon the allegations in the Plaintiff's complaint which are deemed true because of the default entered against Defendant Christopher Entler. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

Insurance and Commercial Umbrella Liability Insurance for the effective period of May 13, 2010 to May 13, 2011. Under this policy issued to Entler Excavating, "an insured" was specified as follows:

> 1. If you are designated in the Declarations as: . . . [d] An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders. . . . 2. Each of the following is also an insured: [a] . . . your "employees", other than either your "executive officers" . . . or your managers . . ., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

On August 25, 2010, Thomas Gipson ("Thomas") and Christopher, who were friends, were installing a gravity flow drain on the property of Robert D. Wesselink ("Wesselink"), Thomas' neighbor. While working on this project, Christopher was using his personally owned mini-excavator Bobcat to dig the trench where the pipes used in the drain would be laid, while Thomas was in the ditch fitting the pipe together. While Thomas was in the trench fitting the pipe together, the trench caved in with such force that it killed Thomas. On December 7, 2010, Gipson filed an action against Christopher and others in the Circuit Court of the 6th Judicial Circuit, Mason County, Illinois, seeking damages for the wrongful death and pain and suffering of her deceased husband, Thomas.

State Auto has refused to provide Christopher with a defense claiming that he is not an "insured" under the policy issued to Entler Excavating for the claims made by Gipson in the underlying state court case. The state court pleadings indicate that: (1) Christopher used his own personal mini-excavator when digging the trench that collapsed; (2) Christopher was not acting in his capacity as an employee of Entler Excavating at the time of the accident; (3) no money was paid or received for digging the trench; and (4) there was no contract for the work

2

undertaken on Wesselink's property.

On March 3, 2011, State Auto filed a Complaint for Declaratory Judgment (#1) against Defendants Christopher and Gipson, wherein State Auto seeks a declaration as to its duty to defend under the businessowners liability insurance policy which was issued to Entler Excavating. On March 26, 2011, Christopher was served with process by the Sheriff of Christian County, Illinois. Christopher was obligated to appear no later than April 18, 2011, under Federal Rule of Civil Procedure 12(a)(1)(A)(i). Christopher has yet to appear before this Court or file an answer to the Motion. On May 20, 2011, Magistrate Judge David G. Bernthal granted State Auto's Motion for Entry of Default (#17) and directed the Clerk to enter the default of Christopher, which the Clerk did. On June 8, 2011, State Auto filed a Motion for Entry of Default Judgment (#20) in this matter.

ANALYSIS

This Court has the power to "declare the rights and other legal relations" of the parties under the terms and provisions of an insurance policy, if there is an actual controversy within its jurisdiction. See 28 U.S.C. § 2201. Federal Rule of Civil Procedure 55 provides that the clerk must enter a party's default if the party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55. Upon default, the moving party is authorized to seek a default judgment against the defaulted party. Id. However, the plaintiff must still establish entitlement to the relief sought. See In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). In this case, as an entry of default has been entered against Christopher, the only remaining legal issue is whether the Plaintiff is entitled to a declaratory judgment that Christopher is not "an insured" under the State Auto policy at issue.

As this is a federal diversity case, the determination of whether the insurance policy in

3

question provides coverage is governed by Illinois law. See Prisco Serena Architects, Ltd. v. Liberty Mut. Ins. Co., 126 F.3d 886, 890 (7th Cir. 1997). The appropriate construction of an insurance policy's provisions is a question of law. Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992). Considering whether the insured has a duty to defend the insured, "the court must look to the allegations in the underlying complaint and compare those allegations to the relevant provisions of the insurance policy." Id. Furthermore, "[i]f the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." Id.

In this case, the complaint alleges that Christopher is not entitled to any coverage under the State Auto policies for "one or more or all" of the following reasons: (1) the policy was issued to the corporate entity–Entler Excavating–and therefore Christopher is only personally covered in his role as president or as an employee, but he was not acting in either role at the time the accident occurred; (2) Christopher was not acting for or on behalf of Entler Excavating at the time of the accident; (3) Christopher was using solely personal equipment, not the equipment of Entler Excavating at the project in question; and (4) Christopher was not paid for the project he was undertaking and the work was not for the corporation, but was undertaken for personal reasons. These facts alleged by the Plaintiff have not been contested by either defendant in this case.

Furthermore, these allegations, when compared to the relevant provisions of the insurance policy, are well supported. The insurance policy specifies that executive officers, directors, and shareholders are only insured with respect to their respective duties in these roles. Further, the policy specifies that employees are only "an insured" for "acts within the scope of

4

their employment" or "while performing duties related" to the conduct of the business entity insured. In this case, based on the facts alleged, the insurance policy would not cover Christopher's use of personal equipment on his own time for the benefit of a friend. There is no indication from the pleadings, which the defendants have failed to contest, that Christopher was acting within any of his roles with Entler Excavating at the time of the accident, therefore under the terms of the policy Christopher would not have been "an insured."

This Court has carefully reviewed all the documents submitted by the Plaintiff as well as Plaintiff's citations of authority. Following this careful review, this Court concludes that Plaintiff has met its burden to establish entitlement to a declaratory judgment that State Auto has no duty or obligation to provide a defense for Christopher Entler for the action filed in the Circuit Court of the 6th Judicial Circuit, Macon County, Illinois, under Cause No. 10 L 165, under its policies of insurance.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Entry of Default Judgment (#20) is GRANTED. Judgment is entered in favor of Plaintiff and against the Defendant Christopher D. Entler.

(2) This case is terminated.

ENTERED this 23rd day of August, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE